[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Erie County Court which, following a no contest plea, found appellant guilty of driving while under the influence of alcohol. For the reasons which follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS FOR WANT OF PROBABLE CAUSE TO STOP THE DEFENDANT."
The facts that are relevant to the issues raised on appeal are as follows. On November 23, 1996, Ohio State Trooper Joshua Swindell followed appellant, who was driving his vehicle on a two-lane road in Erie County. Trooper Swindell observed appellant drive one foot off the right side of the roadway and then, approximately three-quarters of a mile later, cross the center line by two feet. When the trooper pulled appellant over, he noticed a strong odor of alcoholic beverage in the vehicle and on appellant's breath, as well as appellant's slow and slurred speech. Trooper Swindell administered three field sobriety tests and appellant's performance resulted in numerous indicators of impairment. Appellant was given a portable breath alcohol test which resulted in a reading of .16 grams of alcohol per two hundred ten liters of his breath. Appellant was cited for driving a motor vehicle while under the influence of alcohol, driving while under suspension, failure to drive in marked lanes, failure to wear a seat belt, possession of an open container of alcohol while operating a motor vehicle and possession of drug paraphernalia.
Appellant entered a not guilty plea to the charges and, on March 18, 1997, filed a motion to suppress evidence of his failure of the field sobriety tests, the BAC test results, and several other pieces of evidence on the grounds that he was stopped without reasonable articulable suspicion that he had violated the law and arrested without probable cause. A hearing was held on the motion on April 28, 1997. On May 8, 1997, the trial court denied appellant's motion, finding that "[w]hile a minor right edge line infraction does not constitute reasonable articulable suspicion for [a] stop, when combined with a center line violation of the nature and character described by the trooper, the trooper did in fact have reasonable articulable suspicion to stop Defendant." Appellant amended his plea to "no contest" on the DUI, no operator's license and drug paraphernalia charges and was found guilty. The state dismissed the remaining charges. On appeal, appellant asserts that prior to the stop Trooper Swindell did not have a reasonable and articulable suspicion that appellant had violated the law.
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275;State v. Fanning (1982), 1 Ohio St.3d 19. Where there is substantial evidence to support the factual findings of the trial court, its ruling will not be disturbed absent an error of law. DePew, supra.
In order to justify an investigatory stop of an automobile, the police officer must demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would justify a reasonable suspicion that the individual to be stopped may be involved in criminal activity. See Terry v. Ohio (1968), 392 U.S. 1; State v. Bobo (1988),37 Ohio St.3d 177; State v. Freeman (1980), 64 Ohio St.2d 291. The Ohio Supreme Court has determine that "the propriety of an investigatory stop must be viewed in light of the totality of the circumstances * * *" Bobo, supra, paragraph one of the syllabus;Freeman, supra, paragraph one of the syllabus, and these circumstances are to be viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. Freeman, supra, at 295.
In considering the question of articulable suspicion to effectuate a traffic stop, this court has held that "weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." Villageof Montpelier v. Lyon (May 1, 1987), Williams App. No. WMS-86-16, unreported. See, also, State v. Deichler (May 23, 1997), Erie App. No. E-96-091, unreported; State v. Lopez (Dec. 3, 1993), Lucas App. No. L-92-422, unreported. Upon review of all of the evidence that was before the court at the suppression hearing, the reasonable inferences therefrom, and the law, this court finds that the trooper did establish articulable facts giving rise to a reasonable suspicion that was sufficient to stop appellant's vehicle. Accordingly, the trial court did not err by denying appellant's motion to suppress and appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Erie County Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.